Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | David H. Coar | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| CASE NUMBER | 98 C 7677 | DATE | 11/15/2000 |
| CASE TITLE | Paula Woodley vs. Monumental Life Ins. Co. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

Defendant's Motion for Summary Judgment

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
     ☐ FRCP4(m)   ☐ General Rule 21   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).
(10) ■ [Other docket entry]  For the reasons stated in the attached Memorandum Opinion and Order, Defendant's Motion for Summary Judgment [#20] is DENIED IN PART and GRANTED IN PART.

(11) ■ [For further detail see order attached to the original minute order.]

| | |
|---|---|
| | No notices required, advised in open court. |
| | No notices required. |
| | Notices mailed by judge's staff. |
| ✓ | Notified counsel by telephone. |
| ✓ | Docketing to mail notices. |
| | Mail AO 450 form. |
| | Copy to judge/magistrate judge. |
| mrl | courtroom deputy's initials |
| | Date/time received in central Clerk's Office |

number of notices
NOV 16 2000
date docketed
docketing deputy initials

FILED FOR DOCKETING
00 NOV 15 PM 6:01
date mailed notice

Document Number
51

mailing deputy initials

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

PAULA WOODLEY )
)
Plaintiff, )
) No. 98 C 7677
v. )
) HONORABLE DAVID H. COAR
MONUMENTAL LIFE INSURANCE )
COMPANY, a division of AEGON, U.S.A., )
INC., )
)
Defendant. )

## MEMORANDUM OPINION AND ORDER

Paula Woodley held a life insurance policy with the Monumental Life Insurance Company. The Policy covered her husband Fahd Abdul Rahman Al-Nimir. Woodley heard that her husband was killed in Riyahdh, Saudi Arabia and reported the death to collect under the policy. Monumental denied Woodley's claim because it lacked sufficient proof of Al-Nimir's death by accidental means. Woodley sued to collect the policy's death benefit. Monumental has moved for summary judgment. For the reasons stated below, the Court GRANTS in part and DENIES in part Monumental's motion for summary judgment and gives Woodley twenty-one days from the date of this order to authenticate properly the documents in support of her claim.

### Introduction

Woodley's life-insurance policy with Monumental covered her husband Al-Nimir and provided a death benefit of $100,000. The policy has two conditions for payment of benefits. First, the insured's death must have occurred "as a direct result of injury." Second, the death must have occurred "within 365 days of the accident causing the injury." The policy defines "injury" as "bodily injury caused by an accident."

On August 13, 1996, Monumental received a claim from Woodley under the policy. Woodley claimed that a car accident in Riyadh killed her husband eight months earlier. Woodley submitted a copy of her marriage license and a copy of several other documents. The first was a Saudi Arabian Death Certificate, signed by Ibrahim Al-Qahtani and Ibrahim Al-Ali. With the death certificate, Woodley also submitted a document purporting to authenticate it. The second document that Woodley submitted was a Saudi Arabian Report of Traffic Accident, signed by Ibrahim Al-Lehaidan and Felah al-Hattaby. With the traffic-accident report, Woodley also submitted a document purporting to authenticate it. Finally, as part of her claim, Woodley filled out Monumental's Foreign Death Questionnaire, in which she indicated that a car accident killed her husband. To the extent that Woodley answered other questions, she did so by referring to the Report of Traffic Accident.

Sometime in September 1996, Monumental hired a company called First Services to investigate Woodley's claim. As part of their investigation, First Services interviewed Al-Nimir's brother Bender. Bender Al-Nimir told the First Services investigator what he had learned from the police – namely, that: (1) his brother had died instantly as a result of a car accident; (2) Dr. Muhammad Shah attended his brother's body after the accident; (3) his brother was buried at the Al 'ood/Al Batthaa cemetery; and (4) Dr. Shah prepared a report by which Al-Nimir's body would be released for burial. Bender Al-Nimir, however, did not personally witness the accident, the medical exam, or the burial, and has never provided the investigator with a copy of Dr. Shah's report. In her claim to Monumental and in response to Monumental's motion for summary judgment, Woodley did not present any evidence from Dr. Shah or from anyone who witnessed the accident. Monumental denied Woodley's claim for benefits because it was not satisfied that the conditions of the policy had been satisfied.

**Discussion**

Woodley has not provided any admissible evidence from which a trier of fact could conclude that she has met the conditions for receiving benefits under the policy. Under an accidental death insurance policies such as this one, the plaintiff bears the burden of proving by a preponderance of the evidence that the terms of policy are met – in this case, that the insured died as a result of an accident. See, e.g., Metropolitan Life Ins. Co. v. Hogan, 63 F.2d 654, 655 (7th Cir. 1933); Smith v. Metropolitan Life Ins. Co., 317 Ill. App. 624, 627 (1st Dist. 1943).[1] According to the policy, when Monumental receives "*due proof* that a covered person dies, [Monumental] will pay the benefit . . . provided (1) [d]eath occurs as a direct result of injury, and (2) [d]eath occurs within 365 days of the accident causing the injury." (emphasis supplied) The policy defines "injury" as "bodily injury caused by an accident."

The main issue on which the parties focus is whether Monumental received "due proof" of Al-Nimir's accidental death. Woodley claims that the phrase "due proof" is ambiguous and must be construed in her favor. So construed, she argues, it permits her to recover under the policy even though the evidence that she provided would not be admissible in court to prove her husband's accidental death. Monumental, on the other hand, says that the phrase "due proof" is not ambiguous, has been construed by Illinois appellate courts, and requires production of evidence that would be admissible in court to prove accidental death. The Court, however, need not resolve this disagreement at this time.

---

[1] Monumental is also entitled to summary judgment on the second count of Woodley's complaint because Woodley has not responded to its properly-supported motion. See, e.g., Scudella v. Illinois Farmers Ins. Co., 174 Ill.App.3d 245, 253 (Ill. App. 1st Dist. 1988) ("assertions of legitimate policy defenses and denials based on a policy's express wording are inappropriate for invoking [Section 155]") (citations and internal marks omitted).

Even assuming that Monumental received "due proof" of Al-Nimir's death, Woodley's entitlement under the policy is still subject to two conditions: first, that "[d]eath occurs as a direct result of injury;" and second, that "[d]eath occurs within 365 days of the accident causing the injury." Woodley must show that these two conditions have been satisfied. In a lawsuit to recover under the policy, Woodley bears the burden of proving that the conditions of the policy have been met. See, e.g., Hogan, 63 F.2d at 655; Smith, 317 Ill. App. at 627; see also Anders v. Metropolitan Life Ins. Co., 314 Ill. App. 196 (1st Dist. 1942) (abstract published only) (noting that when insurers deny a claim, the burden of proof is on the insured to show that (1) the insurance company received "due proof" of the claim and that (2) the policy provisions have been satisfied)

### Evidence Presented in Support of Woodley's Claim

The evidence that Woodley has provided on summary judgment is inadmissible and consequently cannot support her claim. The statements from her late husband's brother are hearsay. A hearsay statement is defined as "an out-of-court statement offered to prove the truth of the matter asserted." United States v. Severson, 49 F.3d 268, 271 (7th Cir. 1995). Bender Al-Nimir's statements are inadmissible hearsay because he did not see the accident, see his brother at the hospital or see his brother being buried. See Fed. R. Evid. 802; Minh Tu v. Mutual Life Ins. Co. of New York, 136 F.3d 77, 81 (1st Cir. 1998) (citations omitted). Thus, they cannot carry Woodley's burden of showing that an accident killed her husband.

The documents that Woodley has submitted to Monumental as proof of her claim are also hearsay. Additionally, they have not been properly authenticated. See Fed. R. Evid. 901(a), 902(3); Minh Tu, 136 F.3d at 81. Federal Rule of 901 provides that "[t]he requirement of authentication or identification as a condition precedent to admissibility is satisfied by evidence sufficient to support a finding that the matter in question is what its proponent claims." Fed. R. Evid. 901.

Woodley, however, has not provided any evidence that the Saudi Arabian Report of Traffic Accident or the Saudi Arabian Death Certificate are what they purport to be.

Although both documents come with attached statements that purport to authenticate them, neither document is properly authenticated under Rule 902(3). Rule 902(3) regarding foreign public documents provides that extrinsic evidence of authenticity is not required for:

> [a] document purporting to be executed or attested in an official capacity by a person authorized by the laws of a foreign country to make the execution or attestation, and accompanied by a final certification as to the genuineness of the signature and official position . . . of the executing or attesting person.
>
> * * * *
>
> A final certification may be made by a secretary of embassy or legation, consul general, consul, vice consul, or consular agent of the United States, or a diplomatic or consular official of the foreign country assigned or accredited to the United States.

Fed. R. Evid. 902(3). The documents that Woodley submitted do not comply with Rule 902. They are misauthenticated and thus inadmissible. Minh Tu, 136 F.3d at 81.

The copy of the Saudi Arabian Death Certificate includes an alleged Authentication of Signature and Seal signed by Ian J. McCary, Vice Consul of the United States of America at Riyadh, Saudi Arabia. The Authentication of Signature and Seal certifies that:

> Mohammed A. Al-Hahfouz, of the Ministry of Foreign Affairs, whose true signature and official seal are, respectively, subscribed and affixed to the annexed document, was, on this day, empowered to act in an official capacity designated in the annexed document, to which faith and credit are due.

McCary is one of the individuals who can authenticate foreign documents under the rule because he is the Vice Consul. Authentication is nevertheless improper, however, because the death certificate was not signed by Al-Hahfouz but by Ibrahim Al-Qahtani and Ibrahim Al-Ali. The purported authentication says nothing about these two men.

Similarly, the copy of the Saudi Arabian Report of Traffic Accident includes an alleged Authentication of Signature and Seal signed by McCary. The Authentication of Signature and Seal certifies that:

> Abed B. Al-Muhmadi, of the Ministry of Foreign Affairs, whose true signature and official seal are, respectively, subscribed and affixed to the annexed document was, on this date, empowered to act in an official capacity designated in the annexed document, to which faith and credit are due.

The traffic accident report, like the death certificate, is also misauthenticated. The traffic accident report is not signed by Al-Muhmadi but by Ibrahim Al-Lehaidan and Faleh al-Hattaby. The purported authentication says nothing about these two men. Neither of these two documents is admissible and thus are not proper in support of Woodley's motion for summary judgment. See, e.g., Randle v. LaSalle Telecommunications, Inc., 876 F.2d 563 at 570 n.4 (7th Cir. 1989).

Woodley seems to have made an effort to secure documents to prove her husband's accidental death and to authenticate those documents. The source of the authentication error, however, is far from apparent. And, the parties have not addressed the issue other than to point out the error. Without this evidence, Woodley's claim will fail. Because she has made some effort to secure proof that an accident caused her husband's death and it is not apparent that misauthentication resulted from any fault of hers, this Court grants her twenty-one days from the entry of this order to submit properly authenticated proofs of death and accident reports. For now, Monumental's motion for summary judgment is DENIED without prejudice as to Count I.

## CONCLUSION

For the foregoing reasons, Monumental's motion for summary judgment is DENIED as to Count I and is GRANTED as to Count II. Woodley has twenty-one days from the entry of this order to submit proper authentication for the documents that she has submitted or summary judgment will be granted as to this count as well.

Enter:

_David H. Coar_
David H. Coar
United States District Judge

Dated: November 15, 2000